RECEIVED
IN ALEXANDRIA, LA.
AUG 28 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **JOSEPH DISTEFANO, JR.** | **CIVIL ACTION NO. 1:09-cv-00693** |
| -vs- | **JUDGE DRELL** |
| **TUNICA-BILOXI INDIAN TRIBE OF LOUISIANA, et al.** | **MAGISTRATE JUDGE KIRK** |

## R U L I N G

Before the Court is plaintiff Joseph Distefano, Jr.'s motion to remand (Doc. 6) based upon the removing defendant's failure to obtain the consent of all other defendants properly joined in and served with the plaintiff's petition. Specifically, defendant Tunica-Biloxi Indian Tribe of Louisiana ("Tunica-Biloxi") has not contested plaintiff's assertion that it removed the action to this Court without the consent of the other defendants named in the petition. Accordingly, the plaintiff's motion to remand must be GRANTED, and we REMAND to the 12th Judicial District Court in and for the Parish of Avoyelles, Louisiana.

## BACKGROUND

This suit arises from the murder of plaintiff's wife, Janaver Distefano. The homicide took place at the Paragon Casino Resort located in Marksville, Louisiana, which is owned and operated by defendant Tunica-Biloxi. Mr. Distefano brought suit in the 12th Judicial District Court of the State of Louisiana in Avoyelles Parish, naming a variety of defendants in the petition, including Tunica-Biloxi (Doc. 1, Exh.

A). Mr. Distefano seeks to hold the defendants liable for his wife's death through a number of tort claims described in his original Petition for Damages (Doc. 1, Exh. A).

All defendants named in the Petition for Damages were served with the petition prior to Tunica-Biloxi's filing of the notice of removal on April 27, 2009 (Doc. 6, Exhs. A-C). Nonetheless, Tunica-Biloxi had not obtained the consent of the other defendants to the removal at the time the notice was filed. Indeed, Tunica-Biloxi has not contested Mr. Distefano's claim that Tunica-Biloxi alone removed the case to this Court; plaintiff's motion is unopposed.

## ANALYSIS

Under 28 U.S.C. § 1446(a), "[a] defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court . . . a notice of removal." Likewise, 28 U.S.C. § 1441(a) provides that "any civil action . . . may be removed by the defendant or the defendants" where the district court has original jurisdiction over the action. The Fifth Circuit has clearly interpreted this statutory language as requiring that, in general, all defendants must join in a notice of removal in order for the removal to be procedurally valid. In re Beazley Ins. Co., No. 09-20005, 2009 WL 205859, at *4 (5th Cir. Jan. 29, 2009) (quoting Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs., 925 F.2d 866, 871 (5th Cir. 1991)) ; Doe v. Kerwood, 969 F.2d 165, 167 (5th Cir. 1992); Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 (5th Cir. 1988). The court in Kerwood specified that "if there is only one defendant then that defendant may remove the case; however, if there is more

than one defendant, then the defendants must act collectively to remove the case." 969 F.2d at 167.

In the instant case, Mr. Distefano named Tunica-Biloxi as one of a number of defendants in its original Petition for Damages. Each of these named defendants had been served with the plaintiff's petition before April 27, 2009, the date on which Tunica-Biloxi filed its Notice of Removal (Doc. 1). Therefore, Tunica-Biloxi was required to obtain the consent of all of the other properly joined and served defendants in order to remove the lawsuit, which it failed to do. The notice of removal was thus procedurally defective. Because Tunica-Biloxi has offered no evidence to contradict these findings, we must conclude that removal was improper.

A judgment in accord with this ruling will issue separately.

SIGNED on this 27 day of August, 2009 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE